**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

FIDELITY & GUARANTY LIFE
INSURANCE COMPANY, etc.,

        Plaintiff,

vs.                                                    Case No. 3:11-cv-931-J-32JRK

JUNE ELLAUISE MERRITT,
CAMMY SORENSON, now known as
Cammy Pelham,

        Defendants.

**ORDER**

This interpleader action is before the Court on pending unopposed motions filed by Fidelity & Guaranty Life Insurance Company, the plaintiff life insurance company, which seeks to deposit the proceeds of a life insurance policy into the registry of the Court, and to thereafter recover its attorneys fees and be dismissed from this action. The Court finds both motions are well taken except with respect to the amount of time claimed by Fidelity's attorneys in its fee petition- - 26 hours seems excessive for a routine interpleader action in which the stakeholder is essentially being dismissed after filing the complaint, accomplishing service, and filing papers to protect itself from further liability. The Court will therefore exercise its discretion to reduce the fee award to $4,500.00. See Prudential Ins. Co. of America v. Boyd, 781 F.2d 1494, 1497 (11th Cir. 1986) (holding that award of fees in interpleader action to disinterested stakeholder is discretionary).

Accordingly, it is hereby

**ORDERED**:

1.      Plaintiff Fidelity & Guaranty Life Insurance Company's Unopposed Motion to Deposit Funds into Registry of Court (Doc. 12) and Plaintiff's Unopposed Motion for Discharge, Attorney's Fees and Dismissal (Doc. 13) are **GRANTED** to the following extent: The Clerk is directed to accept into the Court Registry the deposit of funds representing the life insurance proceeds ($85,000) with applicable interest, less attorneys' fees and costs in the amount of $4,920.44 (representing $4,500.00 in fees and $420.44 in costs). Once the funds have been accepted by the Clerk, plaintiff Fidelity & Guaranty Life Insurance Company will have no further liability as to this matter and shall be dismissed from this case with prejudice.[1]

2.      With the plaintiff insurance company dismissed from the case, the remaining parties are two pro se defendants, each of whom apparently claims entitlement to the life insurance proceeds. By separate Order, the Magistrate Judge will be setting the case for a telephone status conference to discuss with the defendants how the case is expected to proceed and to explore possible avenues for settlement.

---

[1] Despite the dismissal, the Court will expect Fidelity & Guaranty Life Insurance Company to cooperate in providing any relevant documents to the Court and/or remaining parties, both of whom are (at this point) proceeding pro se.

**DONE AND ORDERED** at Jacksonville, Florida this 8th day of March, 2012.

_____
TIMOTHY J. CORRIGAN
United States District Judge

s.
Copies:

Honorable James R. Klindt
United States Magistrate Judge

counsel of record

June Ellauise Merritt, pro se defendant
Cammy Sorenson, pro se defendant

Finance